**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANGEL LUIS SANTOS,** | : | **CIVIL NO. 3:10-CV-1599** |
| | : | |
| **Plaintiff** | : | **(Judge Nealon)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **B.A. BLEDSOE, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM OPINION AND ORDER

### I.   Statement of Facts and of the Case.

This case comes before the Court on three different and competing motions to either compel (Docs. 38 and 60), or stay, (Doc. 47), discovery in this case.  These contrasting motions come before the Court against the backdrop of a prisoner civil rights claim.

On August 22, 2010, the Plaintiff, Angel Luis Santos, an inmate confined in the United States Penitentiary in Lewisburg, Pennsylvania (USP-Lewisburg) commenced this action by filing a pro se complaint. (Doc. 1)  Liberally construed, Santos' initial complaint leveled a series of Eighth Amendment claims involving his conditions of confinement and the alleged failure of prison staff to protect him from harm.  In this initial complaint, Santos alleged that as an inmate housed in the Special Management Unit (SMU) at USP-Lewisburg, he was "exposed to a pervasive and

excessive risk of inmate-on-inmate violence", due to Defendants' "lack of an effective classification system, the policy of coerced-celling of inmates and the SMU staff's policy of refusing to physically intervene in altercations, fights or assaults until the conflict is over." (Id.)  Specifically, Santos stated that on January 27, 2010, he "suffered predictable, preventable, serious physical injury when inmate Patrick Martinez, without provocation, broke [his] nose, causing excruciating pain and severe bleeding that necessitated a trip to the outside hospital." (Id.)  Santos' initial complaint named Warden B.A. Bledsoe, Unit Manager D. Brewer, and Associate Warden D. Young as Defendants. (Id.)

The current status of this litigation is as follows: The Defendants have filed a motion to dismiss, or in the alternative, for summary judgment, which raises a number of legal defenses to this complaint, including defenses grounded in qualified immunity. (Doc. 65)  This motion is fully briefed by the parties and is ripe for resolution.  In addition, Santos has filed two motions which are in the nature of motions to compel discovery, a motion styled as a motion to preserve evidence, (Doc. 38), and a second, separate motion to compel discovery. (Doc. 60)  Presented with these discovery demands at a time when there is a pending, and potentially dispositive motion filed in this case, the Defendants, in turn, have filed a motion for protective

order, (Doc. 47), which requests a stay of discovery pending resolution of the Defendants' motion to dismiss or in the alternative for summary judgment.

Upon consideration of the parties' competing views and motions, for the reasons set forth below we will GRANT the Defendants' motion for protective order (Doc. 47) and DENY the Plaintiff's motion to preserve evidence, (Doc. 38), and motion to compel discovery. (Doc. 60)

## II.   Discussion

Issues relating to the scope of discovery permitted under Rule 26 rest in the sound discretion of the court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). A court's decisions regarding the conduct of discovery will be disturbed only upon a showing of an abuse of discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). This broad discretion extends to decisions under Rule 26(c) relating to the issuance of protective orders limiting and regulating discovery. Indeed, it is undisputed that: "'[t]he grant and nature of [a protective order] is singularly within the discretion of the district court and may be reversed only on a clear showing of abuse of discretion.' Galella v. Onassis, 487 F.2d 986, 997 (2d Cir.1973) (citation omitted)." Dove v. Atlantic Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992).

Certain basic principles, however, guide the exercise of this discretion. One of these cardinal principles, governing the exercise of discretion in this field, is that the district court may properly defer or delay discovery while it considers a potentially dispositive pretrial motion, provided the district court concludes that the pretrial motion does not, on its face, appear groundless. See, e.g., James v. York County Police Department, 160 F. App'x 126, 136 (3d Cir. 2005); Nolan v. U.S. Department of Justice, 973 F.2d 843,849 (10th Cir. 1992); Johnson v. New York Univ. Sch. of Ed., 205 F.R.D. 433, 434 (S.D.N.Y. 2002). Briefly deferring discovery in such a case, while the Court determines the threshold issue of whether a complaint has sufficient merit to go forward, recognizes a simple, fundamental truth: Parties who file motions which may present potentially meritorious and complete legal defenses to civil actions should not be put to the time, expense and burden of factual discovery until after these claimed legal defenses are addressed by the Court.

This principle applies with particular force in civil rights actions like the instant case, where a party has filed a motion raising threshold consideration of claims of qualified immunity. It is well established that qualified immunity is "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial [or the defendants is

compelled to undergo other burdens of litigation]." <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 526 (1985)(emphasis in original).

In our view these principles control here, and dictate how we should exercise our broad discretion in this field. The Defendants have filed a potentially dispositive motion, which raises defenses including qualified immunity, a defense which is "an *immunity from suit* rather than a mere defense to liability." <u>Id.</u> The merits of these claims are currently being addressed by the Court, ensuring a very prompt resolution of this motion. In this setting, we conclude, consistent with settled case law, that:

> "[A] stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.'" <u>In re Currency Conversion Fee Antitrust Litigation</u>, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002) ( quoting Chrysler Capital Corp. v. Century Power Corp., 137 F.R.D. 209, 209-10 (S.D.N.Y.1991)) ( citing Flores v. Southern Peru Copper Corp., 203 F.R.D. 92, 2001 WL 396422, at *2 (S.D.N.Y. Apr. 19, 2001); <u>Anti-Monopoly, Inc. v. Hasbro, Inc</u>., 1996 WL 101277, at *2 (S.D.N.Y. March 7, 1996)).

<u>Johnson v. New York Univ. School of Educ.</u>, 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

## III.   <u>Conclusion</u>

Accordingly, for the foregoing reasons, we will GRANT the Defendants' motion for protective order (Doc. 47) and DENY the Plaintiff's motion to preserve evidence, (Doc. 38), and motion to compel discovery, (Doc. 60), without prejudice

to the parties pursuing appropriate discovery once the pending, and potentially dispositive, motion to dismiss is resolved.

So ordered this 23d day of August 2011.


**_S/Martin C. Carlson_**
Martin C. Carlson
United States Magistrate Judge