**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANGEL LUIS SANTOS,** | : | **CIVIL NO. 3:10-CV-1599** |
| | : | |
| **Plaintiff,** | : | **(Judge Nealon)** |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **B.A. BLEDSOE, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

# MEMORANDUM OPINION

## I. Statement of Facts and of the Case

This matter comes before the Court for consideration of the Plaintiff's second motion for leave to amend his complaint. (Doc. 78) In addressing this motion we emphatically do not write upon a blank slate. Quite the contrary, this is the third occasion upon which Santos has endeavored to amend this complaint.

Briefly, the pertinent background of this case is as follows: On August 22, 2010, the Plaintiff, Angel Luis Santos, an inmate confined in the United States Penitentiary in Lewisburg, Pennsylvania (USP-Lewisburg) commenced this action by filing a *pro se* complaint. (Doc. 1) Liberally construed, Santos' initial complaint leveled a series of Eighth Amendment claims involving his conditions of confinement

and the alleged failure of prison staff to protect him from harm. In this initial complaint, Santos alleged that as an inmate housed in the Special Management Unit (SMU) at USP-Lewisburg, he was "exposed to a pervasive and excessive risk of inmate-on-inmate violence", due to Defendants' "lack of an effective classification system, the policy of coerced-celling of inmates and the SMU staff's policy of refusing to physically intervene in altercations, fights or assaults until the conflict is over." (Id.) Specifically, Santos stated that on January 27, 2010, he "suffered predictable, preventable, serious physical injury when inmate Patrick Martinez, without provocation, broke [his] nose, causing excruciating pain and severe bleeding that necessitated a trip to the outside hospital." (Id.) Santos' initial complaint named Warden B.A. Bledsoe, Unit Manager D. Brewer, and Associate Warden D. Young as Defendants. (Id.)

On November 1, 2010, Defendants filed a motion to dismiss and for summary judgment. (Doc. 16) However, on that same date, Santos filed an Amended Complaint, (Doc. 17), which rendered Defendants' initial motion to dismiss moot. Santos' amended complaint named additional Defendants and alleged a "lack of access to the law library", a denial of writing paper, and Warden Bledsoe's failure to address these issues, despite being informed of them by Plaintiff on May 25, 2010. (Id.) In addition, Santos asserted that on August 4, 2010, he was falsely charged with

misconduct, and further claimed that on October 13,2010, Plaintiff got into a "discourse" with correctional staff over allowing Plaintiff's cellmate to reenter his cell. (Id.) According to Santos, this cellmate was "bullying" him and "sexually harassing" him. ( Id.)

Two months later, on January 3, 2011, Santos filed a second amended complaint. (Doc. 32) This second amended complaint named seven correctional Defendants: Lt. J. Hepner, Associate Warden D. Young, Warden B.A. Bledsoe, Lt. Mattingly, Counselor M. Edinger, and Unit Manager D. Brewer, and alleged that the Defendants "hindered exhaustion attempts," "coerced celling of inmates", denied inmates food, water, use of toilet, medication, and blankets and tampered with outgoing prisoner mail. (Id.)

On January 18, 2011, the Defendants moved to strike this second amended complaint, arguing that Santos' second amended complaint should be stricken because Santos failed to get leave of court to file this pleading as required by Rule 15(a) of the Federal Rules of Civil Procedure. Instead of opposing this motion, Santos filed a belated motion for leave to file an amended complaint. (Doc. 46) This motion was a spare, two-page document which was unaccompanied by any brief. (Id.)

On April 1, 2011, this Court entered an opinion and order (Doc. 58) addressing this proliferation of pleadings by Santos. In this opinion and order, the Court *inter*

*alia*: (1) struck Santos' first amended complaint (Doc. 17) in its entirety; (2) granted the Defendants' motion to strike Plaintiff's second amended complaint (Doc. 41); and (3) held that Plaintiff's motion for leave to file an amended complaint (Doc. 46) was deemed withdrawn due to Santos' failure to file a supporting brief. See M.D. Pa. Local Rule 7.5.

Two and one-half months then elapsed before Santos filed the instant motion for leave to amend his complaint. (Doc. 78) Like his prior motion for leave to amend, this pleading was a terse two-page document, which was unaccompanied by any supporting brief.

For the reasons set forth below, this motion will be denied.

## II. Discussion

Rule 15(a) of the Federal Rules of Civil Procedure, governs amendment of pleadings, and provides as follows:

> **(a) Amendments Before Trial**
>
> **(1)** ***Amending as a Matter of Course.*** A party may amend its pleading once as a matter of course within:
>
> > **(A)** 21 days after serving it, or
> >
> > **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b) . . . .

> **(2)** ***Other Amendments.*** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

Under Rule 15, decisions regarding motions to amend pleadings rest in the sound discretion of the district court and will not be disturbed absent an abuse of that discretion. See e.g., Bjorgung v. Whitetail Resort, LP, 550 F.3d 263 (3d Cir. 2008); Cureton v. National Collegiate Athletic Ass'n, 252 F.3d 267 (3d Cir. 2001). That discretion, however, is governed by certain basic principles. These principles govern both the procedural and substantive aspects of federal civil practice in this field.

At the outset, as a procedural matter:

> Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend a pleading "once as a matter of course at any time before a responsive pleading is served." A motion to dismiss for failure to state a claim must be made "before pleading if a further pleading is permitted." Fed.R.Civ.P. 12(b). Thus, in the typical case in which a defendant asserts the defense of failure to state a claim by motion, the plaintiff may amend the complaint once "as a matter of course" without leave of court. See 2 James Wm. Moore et al., Moore's Federal Practice § 12.34[5], at 12-76 (3d ed.1999) (quoting Fed.R.Civ.P. 15(a)). After amending once or after an answer has been filed, the plaintiff may amend only with leave of court or the written consent of the opposing party. . . .

Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). Accordingly, as a procedural matter, Santos requires leave of court before he may file what would be his third amended complaint in this action.

Moreover while Rule 15(a) provides that leave to amend "should be freely given when justice so requires." Fed.R.Civ.P. 15(a); Bjorgung v. Whitetail Resort, LP, 550 F.3d 263, 266 (3d Cir. 2008); the district court still retains broad discretion to deny a motion to amend, id.; Cureton v. National Collegiate Athletic Ass'n., 252 F.3d 267 (3d Cir. 2001), and may deny a request:

> if the plaintiff's delay in seeking to amend is undue, motivated by bad faith, or prejudicial to the opposing party. Adams, 739 F.2d at 864. Delay becomes "undue," and thereby creates grounds for the district court to refuse leave, when it places an unwarranted burden on the court or when the plaintiff has had previous opportunities to amend. Cureton, 252 F.3d at 273 (citing Adams, 739 F.2d at 868; Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir.1993)). Thus, our review of the question of undue delay . . . will "focus on the movant's reasons for not amending sooner," Cureton, 252 F.3d at 273, and we will balance these reasons against the burden of delay on the District Court. Coventry v. U.S. Steel Corp., 856 F.2d 514, 520 (3d Cir.1988).

Bjorgung, 550 F.3d at 266.

In addition, a party filing a motion for leave to amend a pleading must comply with the strictures of the Local Rules including Local Rule 7.5, which provides that:

> Within fourteen (14) days after the filing of any motion, the party filing the motion shall file a brief in support of the motion. If the motion seeks

> a protective order, a supporting brief shall be filed with the motion. *If a supporting brief is not filed within the time provided in this rule the motion shall be deemed to be withdrawn.* A brief shall not be required: (a) In support of a motion for enlargement of time if the reasons for the request are fully stated in the motion, (b) In support of any motion which has concurrence of all parties, and the reasons for the motion and the relief sought are fully stated therein, or (c) In support of a motion for appointment of counsel.

Local Rule 7.5(emphasis added.)

Where a plaintiff fails to comply with Local Rule 7.5 by filing a brief in support of a motion to amend a complaint the district court is well justified in exercising its discretion by denying the motion. Indeed, as the United States Court of Appeals has recently observed in affirming the denial of a similar motion to amend by another *pro se* litigant who refused to comply with the local rules of this court "the decision whether to grant a plaintiff leave to file a second amended complaint is committed to the discretion of the District Court. See Lake v. Arnold, 232 F.3d 360, 373 (3d Cir.2000)." Zied-Campbell v. Richman, No. 09-3680, 2011 WL 2006362, *2 (3d Cir. May 24, 2011). Therefore, when a *pro se* plaintiff "twice failed to file a motion to amend satisfying the requirements of the District Court's Local Rules—which have the force and effect of law, see Weil v. Neary, 278 U.S. 160, 169–70(1929)," id., it cannot be said that the denial of that motion to amend is an abuse of discretion. Zied-Campbell v. Richman, No. 09-3680, 2011 WL 2006362,

*2 (3d Cir. May 24, 2011).

Viewing this motion in light of these guiding legal benchmarks, we find that the proper exercise of our discretion is to deny this motion for leave to amend. At the outset, it is clear that when a *pro se* plaintiff "twice failed to file a motion to amend satisfying the requirements of the District Court's Local Rule [7.5]—which have the force and effect of law," this failure, standing alone, warrants denial of the motion. Zied-Campbell v. Richman, No. 09-3680, 2011 WL 2006362, *2 (3d Cir. May 24, 2011).

Moreover, denial of this belated motion for leave to amend is fully warranted by the standards governing such requests under Rule 15. Rule 15 recognizes that "'Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility.' In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir.1997); Lorenz v. CSX Corp., 1 F.3d 1406, 1413-14 (3d Cir.1993)." Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). In this regard, we specifically conclude that the delay in moving to amend justified denying this request because that delay is now "undue" since "the plaintiff has had previous opportunities to amend," Bjorgung v. Whitetail Resort, LP, supra, 550 F.3d at 266, which he neglected to properly pursue. Moreover, when we "focus on the movant's reasons for not amending sooner," Cureton, 252 F.3d at 273, as we are required to do,

we find that Santos has given no reason for this delay. In short, this delay is totally unexplained. Finally, we find that permitting this belated amendment would be "prejudicial to the opposing party," Bjorgung v. Whitetail Resort, LP, supra, 550 F.3d at 266, since it would allow Santos to effectively revive claims which have been dismissed, and would compel needless, repetitive litigation of issues that have previously been resolved in this case. Indeed, adopting the course urged by Santos would be both clearly "prejudicial to the opposing party," Bjorgung v. Whitetail Resort, LP, supra, 550 F.3d at 266, and would also "place[] an unwarranted burden on the court," id., which would have to re-litigate these issues.

In sum, in this case, Santos' motion, which is made a year after this litigation commenced, and months after Santos' prior motion for leave to amend was denied, is inappropriate both under Rule 15(a) of the Federal Rules of Civil Procedure, and under Local Rule 7.5 since Santos has once again failed to file a brief in support of this motion. Moreover, granting this belated, and procedurally deficient request by the Plaintiff would actually violate the dual mandate which guides this Court and motivates our system of justice: "that courts should strive to resolve cases on their merits whenever possible [but that] justice also requires that the merits of a particular dispute be placed before the court in a timely fashion." McCurdy v. American Bd. of Plastic Surgery, 157 F.3d 191, 197 (3d Cir. 1998).

Finally, to the extent that the instant motion is essentially nothing more than a motion to reconsider the district court's prior April 1, 2011, ruling denying Santos' earlier motion for leave to amend, we find that the legal standards that govern such motions to reconsider are both clear, and clearly compelling. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Therefore, typically such a motion should only be granted in three, narrowly defined circumstances, where there is either: "(1) [an] intervening change in controlling law, (2) availability of new evidence not previously available, or (3) need to correct a clear error of law or prevent manifest injustice". Dodge v. Susquehanna Univ., 796 F.Supp. 829, 830 (M.D. Pa. 1992). Thus, it is well-settled that a mere disagreement with the court does not translate into the type of clear error of law which justifies reconsideration of a ruling. Dodge, 796 F.Supp. at 830. Furthermore, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus., Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995). Moreover, it is evident that a motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court. Dodge, 796 F.Supp. at 830. Rather, such a motion is appropriate only where the court has

misunderstood a party or where there has been a significant change in law or facts since the court originally ruled on an issue. See Above the Belt, Inc. v. Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). In this case we find that Santos has not made the demanding showing necessary to sustain a motion to reconsider the district court's April 1, 2011, order denying Santos leave to amend his complaint. Therefore, reconsideration of that April 1, 2011, ruling is plainly not warranted here.

## III. Conclusion

Accordingly, for the foregoing reasons, the Plaintiff's motion for leave amend (Doc. 78) is DENIED.

So ordered, this 23rd day of August, 2011.

***S/Martin C. Carlson***
Martin C. Carlson
United States Magistrate Judge